# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 12 CR 50069 |
| | ) | |
| Anthony F. D'Agostino, | ) | |
| | ) | |
| *Defendant*. | ) | Judge Frederick J. Kapala |

## ORDER

The United States' motion for a preliminary order of forfeiture [66] is granted. Preliminary order of forfeiture to enter separately. The parties are to inform the court as to whether they intend to suggest modifications or revisions, or otherwise object to the forfeiture order, by 5:00 p.m. on May 26, 2014, at which time the court will set a briefing schedule or schedule a hearing date, if requested. If no party indicates such an intention by May 26, the court will enter final judgment.

## STATEMENT

On February 11, 2014, after the guilty verdict in this case, the United States sought a preliminary order of forfeiture of $20,000,000 and sought seizure of defendant's residence. Defendant did not respond to the request for a preliminary order until his sentencing memorandum filed in preparation for the initial sentencing hearing. In that response, defendant raises two issues: that 18 U.S.C. §§ 1341 & 1343, the mail and wire fraud statutes, are not subject to forfeiture penalties and that no forfeiture is appropriate in this case because there has been no gain by defendant on account of his illegal activities. As to the former argument, the Seventh Circuit has clearly held that §§ 1341 & 1343 are subject to forfeiture penalties. See United States v. Venturella, 585 F.3d 1013, 1016 (7th Cir. 2009); United States v. Silvious, 512 F.3d 364, 369 (7th Cir. 2008). As to the latter argument, the United States seeks forfeiture of $20,000,000 pursuant to 18 U.S.C. § 981(a)(1)(C), which permits forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to" defendant's criminal activity. Proceeds are defined, for the purposes of this case, by § 981(a)(2)(B) as "the amount of money acquired through the illegal transactions resulting in the forfeiture, less the direct costs incurred in providing the goods or services." Section 981(a)(2)(B) goes on to note that "direct costs shall not include any part of the overhead expenses of the entity providing the goods or services, or any part of the income taxes paid by the entity." The government has the initial burden to show that any amount it seeks to forfeit is subject to forfeiture as proceeds, then the burden shifts to the defendant to prove direct costs to reduce that figure. See United States v. Hollnagel, No. CR 195-1, 3, 2013 WL 5348317, at *2 (N.D. Ill. Sept. 24, 2013). Here, the government notes that the evidence at trial showed that defendant's scheme generated over 100 million dollars in proceeds, but they only seek 20 million dollars of that

as a forfeiture. There was more than sufficient evidence offered at trial to support the government's argument that defendant's scheme acquired more than 20 million dollars through his illegal actions. The defendant has not come forward with any evidence (or even argument in support) of direct costs to offset the proceeds. The fact that defendant did not personally retain that amount of money in his account up to today is irrelevant. 21 U.S.C. § 853(p) contemplates that where the original asset, here the money brought in through defendant's scheme, has been "substantially diminished in value," "cannot be located with due diligence," or "has been transferred or sold to, or deposited with, a third party," then this court "shall order the forfeiture of any other property of the defendant" up to the total value of the forfeiture. The government seeks to forfeit defendant's residence, which is worth considerably less than the $20 million dollar forfeiture order, because defendant lacks liquid assets necessary to satisfy the $20 million dollar forfeiture. Accordingly, the government's request for a preliminary order of forfeiture in the amount of $20 million dollars is granted with a separate written preliminary forfeiture order to follow.

Date: 5/22/2014                                          ENTER:

                                                         _____

                                                         FREDERICK J. KAPALA

                                                         District Judge